Manly, J.
 

 Ve think the judgment of the Court below, in respect to the sufficiency of the indictment, is erroneous. Both counts, in the bill, charge a playing only in the forbidden places, without betting either by the players or by any others, on the game, and the question presented is, whether a game of cards, of itself, that is to say, in which there is no money, property, or other thing of value bet, is forbidden by the Code, chapter 34, section 15. The section is as follows :
 

 “Ifany person shall bet money, property, or other thing of value, whether the same be in stake or not, at any game of cards, which shall be played in any ordinary or house of entertainment, or in any house where spirituous liquors are retailed, or in any part of the premises occupied with such ordinary, tavern, house of entertainment, or house wherein spirituous liquors are sold, as aforesaid, or shall play at such game of cards, the person so offending shall be deemed, &c.” The question turns upon the construction of the latter part of the section, viz : “ or shall play at any such game of cards.”
 

 We are clearly of opinion, that the adjective “such,” de- . fines a class of games of cards, and limits the purview of the clause to games in the forbidden places at which there should be bets. If this effect be not given to the word, it must be stripped of all meaning; for there is no more reason for referring its qualifying import to the bets, than to the localities, and if it be referable to neither, there is no limitation to the phrase “ game of cards ;” all are alike forbidden — the game in a private dwelling, in which nothing is hazarded but the reputation for skill of the players, as well as a game in a grog-
 
 *210
 
 shop, in which the unhappy victims of drink, will often stake their all upon the turn of a card. The clause has never been supposed to have such an operation.
 

 Mr. Webster, in his dictionary, has defined the word “such” to mean:
 

 1. “ Of the like kind.”
 

 2. “ The same that.”
 

 3. “ The same as what has been mentioned.”
 

 é. “ Referring to what has been specified.”
 

 If we take any of these definitions, the view which has been here taken of its meaning and operation, in the portion of the Code in question, is strongly corroborated.
 

 It will be seen by reference to the law, as it stood prior to 1856, Revised Statute, chap. 34, sec. 69, expounded by the case of
 
 State
 
 v.
 
 Smitherman,
 
 1 Ire. 14, that
 
 betting
 
 was the offense prohibited by the law. It made no difference that the accused did not play; if he betted, he was guilty of the law, and on the other band, however actively he might participate in the game, if he did not bet, he would not be guilty. This was felt to be a defect in the statute, and hence, as we suppose, the change of phraseology in the Code — the purpose being to subject the players at a game where others are betting, as well as the betters, to the penalty of indictment.
 

 We hold, therefore, that only those who bet and those who play at a game of cards where there is betting, in some of the prohibited places, mentioned, are amenable to indictment, under the law as it now stands. The indictment, therefore, manifestly charges no offense* against the law.
 

 But the question, as to the sufficiency of the indictment, arose in the Court below, upon a motion to quash, and we are thus brought to the enquiry, whether, as it is a discretionary power, we can reverse it in this Court. The rule is well settled, that where the Court below,
 
 in the exercise of its discretion,
 
 adjudges a matter, that this Court will not interfere; but where the judgment is not put upon that ground, but upon a want of power,, it is otherwise;
 
 Freeman
 
 v.
 
 Morris,
 
 Busb. 287 ;
 
 Stephenson
 
 v.
 
 Stephenson,
 
 4 Jones, 472. A mo
 
 *211
 
 tion to quash is not usually resorted to, or sustained by the Court, except in cases where the defects are gross and the offenses of minor grade ; -but the accused will be left to his demurrer, motion in arrest of judgment, or writ of error, according to the regular mode of proceeding. It is not necessary for us to say, how the motion, viewing it as a matter of discretion, should have been disposed of, but where the Court below adjudges the indictment tobe sufficient, and,
 
 therefore,
 
 refuses the motion, that is to say, refuses it for a defect of power, it is an error that may be reversed in this Court.
 

 Wherefore, let the judgment be reversed, and this opinion certified to the Superior Court, to the end, that it may proceed with the motion according to its discretion.
 

 Per Curiam,
 

 Judgment reversed.